UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LUCKY STOP MARKET,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | Case No. 25-cv-04336-PHK<br><br>**ORDER TO SHOW CAUSE RE: LACK OF SERVICE AND FAILURE TO FILE STATUS REPORT**<br><br>Re: Dkts. 1, 8, and 11 |

　　　　On May 21, 2025, Plaintiff Lucky Stop Market filed the Complaint in this action against Defendant the United States of America. [Dkt. 1]. To date, Defendant has not appeared in this action, and Plaintiff has not filed a proof of service demonstrating that Defendant was properly served. *See* Fed. R. Civ. P. 4(l).

　　　　Federal Rule of Civil Procedure 4(m) provides that:

> [i]f a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

　　　　Here, more than ninety days have passed since Plaintiff's Complaint was filed – indeed five months have passed. On August 26, 2025, Plaintiff filed a status report indicating a need to amend the Complaint prior to proceeding further with litigation in this case. [Dkt. 8]. Plaintiff informed the Court of its intent "to amend the complaint and serve amended pleading on the defendant/respondent in this action within 45 days of this filing." *Id.* at 1. On the basis of these representations by Plaintiff, the Court set a deadline of October 10, 2025 for Plaintiff to file a status report regarding amendment and service of the Complaint. [Dkt. 11].

The October 10, 2025, deadline has passed without any filing by Plaintiff of any activity to move this case forward, despite Plaintiff's representations to the Court in August. As of the date of this Order to Show Cause, there is no Amended Complaint filed, no status report has been filed (in contravention of the Court's previous Order), and there is nothing on the docket which reflects that service of process has been effectuated (or waiver of service sought and received) as to the sole named Defendant.

Plaintiff's failure to effectuate proper service within the time limits prescribed by Rule 4(m) (and this Court's prior Order) is grounds for the dismissal of this case without prejudice, in the absence of justification for the failure.

More importantly, Plaintiff's failure to file an Amended Complaint (despite indications that one would be filed) and failure to file the ordered status report are demonstrable failures to comply with this Court's prior Order and/or failure to prosecute this action. Failure to comply with a court Order may also result in negative consequences such as sanctions, up to and including a report and recommendation for dismissal of the case with prejudice. *See* Fed. R. Civ. P. 16(f) and 41(b).

Accordingly, **IT IS ORDERED THAT**:

1. By no later than **November 14, 2025**, Plaintiff is **ORDERED TO SHOW CAUSE** by filing a written response to this Order explaining why this case should not be dismissed without prejudice for failure to effect service of process within the time limits prescribed by Rule 4(m).

2. Further, by no later than **November 14, 2025**, Plaintiff is **ORDERED TO SHOW CAUSE** in any written response to this Order explaining why this case should not be dismissed with prejudice for failure to obey a Court Order and failure to prosecute this action.

3. Plaintiff may respond to this Order to Show Cause by filing, by the November 14, 2025, deadline, adequate proof of service of process under Rule 4. To be clear, if Plaintiff chooses to file and serve an Amended Complaint by the November 14, 2025 deadline, or if Plaintiff effectuates service of process of the original Complaint by the November 14,

2

2025 deadline, and if Plaintiff files adequate proof of service of either an Amended Complaint or the original Complaint by the November 14, 2025 deadline, no additional written response to this Order to Show Cause would be necessary.

4. Plaintiff is admonished and warned that failure to timely respond to this Order to Show Cause, continued failure to obey Court Orders, continued failure to prosecute this action, and failure to show good cause for the lack of service of process will result in the issuance of a Report and Recommendation that this case be dismissed with prejudice, along with issuance of an Order directing the Clerk of Court to reassign this case to a district judge for consideration of that Report and for consideration of any action to be taken thereon.

**IT IS SO ORDERED.**

Dated: October 27, 2025

_____
PETER H. KANG
United States Magistrate Judge